## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
425 Third Street, S.W, Suite 800   )
Washington, DC  20024,         )
                               )
                 Plaintiff,    )     Civil Action No.
                               )
v.                             )
                               )
U.S. DEPARTMENT OF JUSTICE,    )
950 Pennsylvania Ave, N.W.     )
Washington, DC  20530-0001,    )
                               )
                 Defendant.    )
_____)

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local

government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at

950 Pennsylvania Ave, N.W., Washington, DC  20530-0001.  Defendant has possession,

custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On January 19, 2010, Plaintiff sent a FOIA request to Defendant seeking access

to:

> Any and all records of Associate Attorney General Thomas J.
> Perrelli concerning meetings with the White House on the Justice
> Department's voter intimidation case against the New Black
> Panther Party.  The time frame for this request is from January 20,
> 2009 to June 15, 2009.

6.      By letter dated March 26, 2010, Defendant responded to Plaintiff's January 19,

2010 FOIA request and informed Plaintiff that "a search was conducted in the Office of the

Associate Attorney General[] and no records responsive to your request were located."

Defendant also notified Plaintiff that it had a right to administratively appeal Defendant's

response.

7.      On March 31, 2010, Plaintiff administratively appealed Defendant's March 26,

2010 response.  Specifically, Plaintiff requested that Defendant re-search its files and produce all

segregable, nonexempt records responsive to Plaintiff's January 19, 2010 FOIA request.  Plaintiff

based its administrative appeal on various media accounts in which it was reported that Associate

Attorney General Perrelli visited the White House on nine occasions between March 25, 2009

and May 27, 2009 to discuss Defendant's voter intimidation case against the New Black Panther Party.

8.     The administrative appeal was sent by certified U.S. mail, return-receipt requested.  According to U.S. Postal Service records, the administrative appeal was received by Defendant on April 5, 2010.

9.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant was required to make a determination on Plaintiff's March 31, 2010 administrative appeal within twenty (20) working days of receipt of the request, or by May 3, 2010.

10.     As of the date of this Complaint, Defendant has failed to issue a determination on Plaintiff's administrative appeal.  Consequently, Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin

Defendant from continuing to withhold any and all non-exempt records responsive to the request; (3) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 22, 2010                          Respectfully submitted,

                                                   JUDICIAL WATCH, INC.


                                                   _____
                                                   Michael Bekesha
                                                   D.C. Bar No. 995749


                                                   _____
                                                   Paul J. Orfanedes
                                                   D.C. Bar No. 429716
                                                   501 School Street, S.W., Suite 700
                                                   Washington, DC 20024
                                                   (202) 646-5172

                                                   *Attorneys for Plaintiff*